15-920-cv; 15-1659-cv
New Earthshell Corp. v. Jobookit Holdings Ltd.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of December, two thousand fifteen.

PRESENT: DENNIS JACOBS,
        PIERRE N. LEVAL,
        GUIDO CALABRESI,
               <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

NEW EARTHSHELL CORP.,
      <u>Plaintiff-Appellant</u>,

      -v.-              15-920-cv; 15-1659-cv

JOBOOKIT HOLDINGS LTD, VIUMBE LLC,
RAFI SHKOLNIK,
      <u>Defendants-Appellees</u>.
- - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANT:** | NIKOLAS S. KOMYATI (Lawrence D. Ross, <u>on the brief</u>), Bressler, Amery & Ross, P.C., New York, NY. |
| **FOR APPELLEE:** | A. Jeff Ifrah, Ifrah PLLC, Washington, DC. |

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be, and is hereby, **VACATED,** and the case **REMANDED** for further proceedings.

New Earthshell Corp. appeals from the judgment of the United States District Court for the Southern District of New York (Furman, J.) dismissing its complaint against Jobookit Holdings Ltd. ("Jobookit"), Rafi Shkolnik (Jobookit's CEO), and Viumbe, LLC, for breach of contract, fraud, and breach of the implied covenant of good faith and fair dealing. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This appeal arises from a series of corporate transactions concerning Viumbe, a digital media company that earns revenue by selling advertising on its websites. New Earthshell was in negotiations to sell Viumbe to Jobookit for $2.5 million, of which $1 million would be paid up front and the remaining $1.5 million would be a loan, the terms of which were set forth in a Loan Agreement. This loan would be secured by "Collateral," defined as "[a]ll of the present and future property and assets of [Viumbe]," including Viumbe's "[d]eposit accounts and accounts receivable" and "all other contract rights or rights to the payment of money."

As negotiations continued, Digital Group Ybrant ("Ybrant") agreed to buy a $1 million equity stake in Jobookit on the condition that Jobookit hire Ybrant to manage Viumbe's websites. Jobookit told New Earthshell that Ybrant's compensation for managing Viumbe's websites would be 35% of Viumbe's revenues, which, according to New Earthshell, would be in line with industry norms. In fact, according to the allegations of the complaint, Jobookit's representation was false. Jobookit agreed that Ybrant would be paid 70% of Viumbe's revenues until Ybrant had received $1 million, at which point it would receive 50% until two years from the date of the agreement, and 35% thereafter. New Earthshell alleges that it relied on the misrepresentation when it entered into the agreement.

New Earthshell brought suit against Jobookit, Jobookit's CEO, and Viumbe for breach of contract, fraud, and breach of the implied covenant of good faith and fair dealing based on Jobookit's agreement with Ybrant and Jobookit's statements about it. The district court dismissed all three claims. The court reasoned that New Earthshell (i)had not plausibly pled reasonable reliance on Jobookit's fraudulent misrepresentation because New Earthshell failed to demand to see the actual documents Jobookit was negotiating with Ybrant, (ii) had not plausibly alleged breach of contract because Viumbe's revenues are not "Collateral," and (iii)could not maintain a claim for breach of the implied covenant because New Earthshell's pleading failed to allege a breach that Jobookit was not complying with the terms of its contract. The district court also awarded Jobookit its attorney's fees because the agreement provided that the losing party would pay the prevailing party's attorney's fees in any litigation related to the Viumbe sale.

We review the grant of a motion to dismiss de novo, accept as true all factual allegations, and draw all reasonable inferences in favor of the plaintiff. Fink v. Time Warner Cable, 714 F.3d 739, 740-41 (2d Cir. 2013). We typically review a district court's award of attorney's fees for abuse of discretion, but when the fee award turns on the proper interpretation of a contract, we review it de novo. Carco Grp., Inc. v. Maconachy, 718 F.3d 72, 79-80 (2d Cir. 2013). We conclude that the District Court erred in dismissing the claims.

**1.** The District Court dismissed the contract claim because, according to its interpretation of terms of Jobookit's contract with Ybrant, the payments Viumbe was to make to Ybrant of 70% of Viumbe's revenues did not impair New Earthshell's collateral because "revenues" were not within the definition of "Collateral" in the Loan Agreement between New Earthshell and Jobookit. This conclusion was based on a misinterpretation of what Jobookit contracted to have Viumbe pay to Ybrant. In exchange for Ybrant's services, Viumbe was to pay it a percentage of the advertising revenues it "actually received in connection with operation of [its] Websites." The revenues Viumbe "actually received" would, upon receipt, become its money. Jobookit contracted that Viumbe would pay a (large) portion of that money to Ybrant, potentially permitting Ybrant to

recover its $1 million investment before New Earthshell was repaid for its loan.

The definition of "Collateral" in the Loan Agreement between New Earthshell and Jobookit included, among other things, "present and future property and assets," "[d]eposit accounts and accounts receivable," and "all proceeds of . . . any and all of the above" (i.e., proceeds from Viumbe's other assets). Each of these terms encompassed Viumbe's money. Though the term "revenues" does not appear in the definition of "Collateral," it is clear that all of Viumbe's money, including money it derived from its advertising revenues, fall within the scope of the definition of "Collateral." The payments Viumbe would make to Ybrant were of <u>money</u>, which was part of the "Collateral," notwithstanding that the amount of money was to be set by reference to the amount of its revenues.

The rest of the Agreement does not render this provision ambiguous. The district court mistakenly concluded that, if Viumbe's revenues were Collateral, Jobookit's obligation to preserve that Collateral would prevent Viumbe from paying ordinary business expenditures. But the Loan Agreement explicitly allows Viumbe's assets to be used in the ordinary course of its business. Joint App'x at 93-94, ¶¶ 7.1, 7.5, 8.1.

**2.** The district court dismissed New Earthshell's fraud claim because it concluded New Earthshell failed to plead reasonable reliance on Jobookit's alleged misrepresentations. It reasoned that, as a sophisticated party, New Earthshell should have insisted on documentation of the terms of Jobookit's deal with Ybrant, and that its failure to do so would preclude a jury from finding reasonable reliance.

New York courts have sometimes precluded sophisticated parties that failed to exercise reasonable diligence in verifying material representations that were within their power to verify from claiming reasonable reliance on those representations. See <u>HSH Nordbank AG v. UBS AG</u>, 941 N.Y.S.2d 59, 66 (App. Div. 1st Dep't 2012); <u>Global Minerals & Metals Corp. v. Holme</u>, 824 N.Y.S.2d 210, 215 (App. Div. 1st Dep't 2006); <u>see also Lazard Freres & Co. V. Protective Life Ins. Co.</u>, 108 F.3d 1531 (2d Cir. 1997). The district court over-read these cases; they do not stand for the proposition that business corporations may never rely on the representations

4

of a counter-party as to facts the plaintiff has no reason to doubt or suspect, so long as more certain means of verification are available.

Furthermore, New Earthshell discharged any duty to protect itself by inserting appropriate contract language. The Loan Agreement authorized Viumbe to contract for management services like Ybrant's "in the ordinary course of [its] business." Joint App'x at 93 ¶ 7.1. It also required Viumbe and Jobookit to "use commercially reasonable efforts to preserve the condition of the Collateral," Joint App'x at 94 ¶ 8.1, and forbade them from "wast[ing] or destroy[ing] the Collateral or any part thereof." Id. at 93 ¶ 7.4. These provisions prohibit Viumbe from licensing its websites in transactions that depart from the ordinary course of business. In its complaint, New Earthshell alleges that the 35/65 revenue split represented by Ybrant was consistent with its historical business practices, but that the 70% deal actually struck was not.

**3.** In light of our vacatur of the dismissal of New Earthshell's claims, we also vacate the dismissal of New Earthshell's breach of the implied covenant claim and the award of attorney's fees.

We therefore **VACATE** the judgment of the district court and **REMAND** for further proceedings.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK